

**"UNDER SEAL"**

FILED
CHARLOTTE, NC

MAR 22 2023

US DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 3:23 CR 72-RJC |
| | ) | |
| | ) | BILL OF INDICTMENT |
| vs. | ) | |
| | ) | **UNDER SEAL** |
| | ) | |
| | ) | Violations: |
| 1) KOTTO YAPHET PAUL, | ) | |
| a/k/a ETHAN JOSHUA KENNEDY, | ) | 18 U.S.C. § 1343 |
| 2) ███ | ) | 18 U.S.C. § 1344 |
| | ) | 18 U.S.C. § 1349 |
| | ) | 18 U.S.C. § 1957 |
| 3) ███ | ) | 18 U.S.C. § 2 |
| 4) ███ | ) | |
| Defendants. | ) | |

**THE GRAND JURY CHARGES:**

At the specified times, and at all relevant times:

**Introductory Allegations**

1. Starting at least as early as 2016 and continuing until on or about May 2021, KOTTO YAPHET PAUL, also known as Ethan Joshua Kennedy, ███ also known as ███, ███, and Amrish D. Patel, Dwight A. Peebles, Jr., Derrick L. Harrison, and Denise Woodard, charged elsewhere, and others, known and unknown to the Grand Jury, conspired to execute, and executed, a fraudulent loan scheme whereby PAUL, ███ and other co-conspirators obtained money from various federally insured banks and credit unions. In each of these loans, one or more members of the conspiracy made material misrepresentations of fact to induce financial institutions to make the loans. In addition to other material misrepresentations, the co-conspirators often would misapply the proceeds of these loans for purposes other than those represented to the financial institutions issuing the loans. The co-conspirators submitted or caused to be submitted fraudulent documents and information to at least 17 financial institutions to secure at least 42 loans, obtaining more than $17 Million in fraudulent loan proceeds.

## Financial Institutions

2. United Community Bank, TD Bank National Association, CresCom Bank (now United Bank), First Bank, First Citizens Bank & Trust Company, First National Bank of Pennsylvania, Carolina Premier Bank (now First Bank), Fifth Third Bank, First South Bank, SunTrust Bank (now Truist Bank), Coastal Carolina National Bank, Carolina Alliance Bank (now Park National Bank), PNC Bank, First Horizon Bank, and Synovus Bank ("the Victim Banks") were financial institutions, the accounts and deposits of which were insured by the Federal Deposit Insurance Corporation ("FDIC").

3. Truliant Federal Credit Union ("the Victim Credit Union") was a financial institution, the accounts and deposits of which were insured by the National Credit Union Share Insurance Fund.

4. United Home Loan Services, Inc. ("the Victim Mortgage Lending Business") was a financial institution and a private mortgage company that made federally regulated mortgage loans affecting interstate commerce.

5. The Victim Banks, the Victim Credit Union, and the Victim Mortgage Lending Business (collectively, the "Victim Financial Institutions") offered financial services to individuals and businesses, including the issuance of loans for the purchase of equipment, real estate, land development, and other purposes.

6. The Victim Financial Institutions required, and relied upon, truthful information from applicants seeking a loan. The information required by the Victim Financial Institutions included truthful information about each applicant's business, employment, income, taxes, assets, liabilities, and other financial information. In addition, the Victim Financial Institutions required, and relied upon, information from the applicants describing the collateral backing certain loans, such as invoices and other descriptive information. All this information was important to the Victim Financial Institutions' decisions regarding whether to approve the loans.

## The Fraud Scheme and Conspiracy

7. Beginning as early as September of 2016, PAUL ▓▓▓, joined later by ▓▓▓ ▓▓▓, and other co-conspirators known and unknown to the Grand Jury, fraudulently sought and obtained loans using false and fraudulent statements. The co-conspirators obtained these loans from financial institutions (as defined in Title 18, United States Code, Section 20) located within the Western District of North Carolina and elsewhere. These fraudulent loans were of several types, including business loans purportedly for the purchase of equipment, development loans, and residential mortgage loans.

8. When seeking loans from these financial institutions, PAUL, ▓▓▓▓▓▓, and others both known and unknown to the Grand Jury, made material misrepresentations to the financial institutions, upon which the banks relied, to induce them to make the loans. The fraudulent statements submitted to the Victim Financial Institutions varied amongst the different loans requested, but included, among others:

Case: 3:23-cr-00072-RJC-DSC *SEALED* Document 3 Filed 03/22/2023 Page 2 of 8

a. Misrepresentations about income;
b. False employment information;
c. False information about the finances of the borrowers and their businesses, including the submission of false tax returns, false personal financial statements, and false bank account statements;
d. Misrepresentations about the intended purposes and uses of the loan proceeds, including the submission of false purchase invoices;
e. Misrepresentations about the operations of relevant businesses;
f. Misrepresentations about the source of funds used as down payments; and,
g. Misrepresentations about collateral.

9. After relying on the fraudulent loan information, the Victim Financial Institutions wired the loan proceeds, via interstate commerce, into various bank accounts. For the equipment loans, the Victim Financial Institutions relied upon false equipment invoices and the instructions of members of the conspiracy regarding where to wire the loan proceeds. Unbeknownst to the Victim Financial Institutions, the bank accounts associated with these purported vendors were under the control of PAUL, ▮ and other co-conspirators.

10. PAUL, ▮ and other co-conspirators, sent, and caused to be sent, via wire transfers and other means affecting interstate commerce, some of the fraudulently obtained loan proceeds to themselves, ▮ and other co-conspirators. Often the loan proceeds were used for purposes other than those represented to the Victim Financial Institutions, such as to purchase real estate, cover unrelated business expenses, make investments, and other personal spending.

11. As part of the conspiracy and scheme to defraud, PAUL and other co-conspirators obtained at least 42 loans, totaling more than $17 million, from at least 17 financial institutions.

12. After PAUL, ▮ and other co-conspirators obtained the proceeds from the fraudulent loans, they defaulted on most of the loans, causing financial losses to the Victim Financial Institutions.

# COUNT ONE
## 18 U.S.C. § 1349
### (Conspiracy to Commit Wire Fraud and Bank Fraud)

13. The Grand Jury realleges and incorporates by reference herein all of the allegations contained in paragraphs one through twelve of this Bill of Indictment, and further alleges that:

14. From in or about 2016 through in or about 2021, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, the defendants,

1) KOTTO YAPHET PAUL, a/k/a Ethan Joshua Kennedy,
2) ███████████████████
3) ███████████████████
4) ███████████████████

and others known and unknown to the Grand Jury, did knowingly combine, conspire, confederate, and agree to commit offenses against the United States, those being wire fraud affecting a financial institution, in violation of Title 18, United States Code, Section 1343; and bank fraud, in violation of Title 18, United States Code, Section 1344.

## *OBJECTS OF THE CONSPIRACY*

15. Wire Fraud: It was a part and an object of the conspiracy that PAUL, ███████ and others known and unknown to the Grand Jury, having devised the above-described scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts, would and did transmit and cause to be transmitted by means of wire communication in interstate commerce, any writing, sign, signal, picture, and sound for the purposes of executing said scheme and artifice, in violation of Title 18, United States Code, Section 1343.

16. Financial Institution Fraud: It was a part and an object of the conspiracy that PAUL, ███████ and others known and unknown to the Grand Jury, would and did execute and attempt to execute, the above-described scheme and artifice to obtain monies owned by, or in the custody or control of, one or more of the Victim Financial Institutions, by means of materially false and fraudulent pretenses, representations, and promises in violation of Title 18, United States Code, Section 1344(2).

## *MANNER AND MEANS OF THE CONSPIRACY*

17. PAUL, ███████████████████ and others known and unknown to the Grand Jury, carried out the conspiracy in the manner and means as set forth in paragraphs one through twelve above.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS TWO through SEVENTEEN
## 18 U.S.C. § 1344(2)
## (Financial Institution Fraud)

18. The Grand Jury realleges and incorporates by reference herein all of the allegations contained in paragraphs one through twelve of the Bill of Indictment, and further alleges that:

19. On or about the dates set forth in the chart below, in Mecklenburg County, within the Western District of North Carolina and elsewhere, the defendant(s) as set forth below, and others known and unknown to the Grand Jury, did knowingly and unlawfully execute and attempt to execute and cause to be executed a scheme and artifice to obtain monies, funds, credits, assets, and other property owned by and under custody and control of the Victim Financial Institutions set forth below, the deposits of which were insured by the National Credit Union Share Insurance Fund and the Federal Deposit Insurance Corporation, by means of materially false and fraudulent pretenses, representations, and promises as set forth below:

| Count | Defendant(s) | Date | Victim Financial Institution | Fraudulent Loan Description |
|---|---|---|---|---|
| TWO | (1) PAUL (2) | 4/12/2017 | United Community Bank | Equipment loan for $652,705 in the name of Lab Development Group (LDG), LLC |
| THREE | (1) PAUL | 10/10/2017 | TD Bank | Residential mortgage application for $660,000 in the name of Amrish Patel |
| FOUR | (1) PAUL (2) | 10/24/2017 | CresCom Bank | Equipment loan for $563,248 in the name of Specialized Healthcare Services, LLC |
| FIVE | (1) PAUL (2) | 4/10/2018 | Truliant Federal Credit Union | Equipment loan for $430,288 in the name of DLG Medical Sales, Inc. |
| SIX | (1) PAUL (2) (4) | 8/28/2018 | Truliant Federal Credit Union | Equipment loan for $441,960 in the name of Bridge Corp Group, LLC |
| SEVEN | (1) PAUL (2) | 1/9/2019 | Truliant Federal Credit Union | Equipment loan for $376,514 in the name of DJJ Holdings, LLC |
| EIGHT | (1) PAUL (2) (3) | 3/15/2019 | Truliant Federal Credit Union | Equipment loan for $381,360 in the name of Concept Creations Corp |
| NINE | (1) PAUL (2) (3) | 4/8/2019 | First Bank | Equipment loan for $725,000 in the name of MD Rejuvenation Centers, PA |
| TEN | (1) PAUL (2) (3) | 11/14/2019 | First Horizon Bank | Equipment loan for $352,000 in the name of MD Rejuvenation Centers, PA |
| ELEVEN | (1) PAUL (2) (3) | 11/29/2019 | First Citizens Bank & Trust Company | Equipment loan for $351,843 in the name of MD Rejuvenation Centers, PA |
| TWELVE | (1) PAUL (2) | 1/30/2020 | First National Bank of Pennsylvania | Equipment loan for $315,285 in the name of Street Networks, Inc. |

| Count | Defendant(s) | Date | Victim Financial Institution | Fraudulent Loan Description |
|---|---|---|---|---|
| THIRTEEN | (1) PAUL (2) | 3/25/2020 | First National Bank of Pennsylvania | Equipment loan for $267,473 in the name of Street Networks, Inc. |
| FOURTEEN | (1) PAUL (4) | 7/6/2020 | First National Bank of Pennsylvania | Equipment loan for $447,450 in the name of Royall Manufacturing, Inc. |
| FIFTEEN | (1) PAUL (4) | 7/30/2020 | First National Bank of Pennsylvania | Equipment loan for $287,179 in the name of Royall Manufacturing, Inc. |
| SIXTEEN | (1) PAUL (2) (4) | 9/18/2020 | First Citizens Bank & Trust Company | Equipment loan for $594,137 in the name of Tas Medical Sales, LLC |
| SEVENTEEN | (1) PAUL | 5/20/2021 | United Community Bank | Equipment loan for $330,714 in the name of Caremate Home Health Care, Inc. |

All in violation of Title 18, United States Code, Section 1344(2).

## COUNTS EIGHTEEN through TWENTY-ONE
## 18 U.S.C. § 1957
## (Money Laundering)

20. The Grand Jury incorporates paragraphs one through twelve of this Bill of Indictment and further alleges that:

21. On or about the dates set forth in the chart below, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, the defendant(s) as set forth in the chart below, did knowingly engage and attempt to engage in monetary transactions by, through, and to financial institutions, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, the transactions described in the chart below, such property having been derived from a specified unlawful activity, that being wire fraud, in violation of Title 18, United States Code, Section 1343, and bank fraud, in violation of Title 18, United States Code, Section 1344, and did aid and abet each other, and others known and unknown to the Grand Jury, in so doing:

| Count | Defendant(s) | Date | Amount | Description of Transaction |
|---|---|---|---|---|
| EIGHTEEN | (1) PAUL (3) | 3/20/2019 | $25,000 | Payment from PNC *9815 to Ascot Group |
| NINETEEN | (1) PAUL (3) | 4/9/2019 | $125,000 | Payment from Fifth Third *7597 to Dwight A. Peebles, Jr., DBA Mathysen Orthopedics |
| TWENTY | (1) PAUL (2) (3) | 11/18/2019 | $87,000 | Payment from BB&T *4302 to The Tayben Group |
| TWENTY-ONE | (1) PAUL (4) | 7/10/2020 | $390,473 | Payment from BB&T *6166 to First American Title Insurance Co. |

All in violation of Title 18, United States Code, Sections 1957 and 2.

## NOTICE OF FORFEITURE AND FINDING OF PROBABLE CAUSE

Notice is hereby given of 18 U.S.C. § 982, 28 U.S.C. § 2461(c), and 21 U.S.C. § 853(p). The following property is subject to forfeiture in accordance with Sections 982, 2461(c), and/or 853(p):

1) All property which constitutes or is derived from proceeds obtained directly or indirectly as a result of the fraud violations set forth in this bill of indictment;

2) All property involved in, or traceable to property involved in, the money laundering violations set forth in this bill of indictment; and

3) If, as set forth in 21 U.S.C. § 853(p), any property described in (a) and (b) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendants to the extent of the value of the property described in (a) and (b).

The Grand Jury finds probable cause following property is subject to forfeiture on one or more of the grounds set forth above:

a. A forfeiture money judgment in the amount of at least approximately $17 million, such amount constituting the proceeds of the violations set forth in this bill of information;

b. The real property at 600 Baron Road, Waxhaw, North Carolina, more particularly described in a deed to grantee Wise Management & Realty, LLC that is recorded at deed book 6946, pages 474-475, in the Union County, North Carolina Register of Deeds;

c. The real property at 6307 Trails of Foxford Court, West Palm Beach, Florida, more particularly described in a deed to Love Norman recorded at deed book 33455, page 541, in the Clerk of the Circuit Court's Palm Beach County, Florida; and

d. Any and all interest in Wise Management & Realty, LLC.

A TRUE BILL

[signature redacted]

GRAND JURY FOREPERSON


DENA J. KING
UNITED STATES ATTORNEY

*[signature]*

DON GAST
ASSISTANT UNITED STATES ATTORNEY