IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO.: 3:23-CR-00072-RJC-DSC

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | CONSENT ORDER AND |
| v. | ) | JUDGMENT OF FORFEITURE |
| | ) | PENDING RULE 32.2(c)(2)E |
| 1) KOTTO YAPHET PAUL | ) | |

BASED UPON the Defendant's plea of guilty and finding that there is a nexus between the property listed below and the offense(s) to which the Defendant has pled guilty and that the Defendant (or any combination of Defendants in this case) has or had a possessory interest or other legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. 18 § 982, U.S.C. § 981, and/or 28 U.S.C. § 2461(c), provided, however, that forfeiture of specific assets is subject to any and all third party petitions under 21 U.S.C. § 853(n), pending final adjudication herein:

> **A forfeiture money judgment in the amount of $8,000,000.00, such amount constituting the proceeds that Defendant personally obtained as a result of the offense to which Defendant has pled guilty. Defendant stipulates that the Government may satisfy the money judgment via forfeiture of proceeds and/or substitute property as defined in 21 U.S.C. § 853(p). For purposes of forfeiture under Section 853(p), Defendant stipulates that, as a result of acts or omissions of Defendant, one or more provisions of Section 853(p)(1)(A)-(E) are satisfied[1];**
>
> **Real property at 600 Baron Road, Waxhaw, North Carolina, more particularly described in a deed to grantee Wise Management & Realty, LLC that is recorded at deed book 6946, pages 474-475, in the Union County, North Carolina Register of Deeds;**

---

[1] The United States agrees that the net proceeds of liquidation of any finally forfeited assets in this case shall be credited against the $8,000,000 money judgment amount and agrees to, upon liquidation of all finally forfeited assets, file a notice of the net proceeds amount. The United States Attorney's Office also agrees to, if defendants do not have enough assets to pay restitution in full following sentencing, request restoration of the net proceeds of sale of any finally forfeited assets to pay restitution in this case. Defendant understands that the decision of whether to grant restoration rests solely with the United States Department of Justice, Money Laundering and Asset Recovery Section, and not the United States Attorney's Office. Further, Defendant agrees that, regardless of whether the Department of Justice restores assets to the Clerk of Court to pay victims in this matter, Defendant is nonetheless bound by the terms of this Consent Order.

**Real property at 6307 Trails of Foxford Court, West Palm Beach, Florida, more particularly described in a deed to Love Norman recorded at deed book 33455, page 541, in the Clerk of the Circuit Court's Palm Beach County, Florida;**

**Any and all interest in Wise Management & Realty, LLC; and**

**One 2020 Mercedes-Benz G63 AMG, VIN: W1NYC7HJ9LX342521.**

2. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of forfeiture.

3. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property, including depositions, interrogatories, and requests for production of documents, and to issue subpoenas pursuant to Fed. R. Civ. P. 45.

4. A forfeiture money judgment shall be included in the defendant's sentence, and the United States may take steps to collect the judgment from any property of the defendant, provided, the value of any forfeited specific assets shall be credited toward satisfaction of this money judgment upon liquidation.

5. As to any specific assets, following the Court's disposition of all timely petitions, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned asset(s) constitute property derived from or traceable to proceeds of defendant's crime(s) herein and are therefore subject to forfeiture pursuant to 18 U.S.C. §§ 981 and 982, and/or 28 U.S.C. § 2461(c). The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant. If the defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, defendant

hereby withdraws that claim. If defendant has not previously submitted such a claim, defendant hereby waives all right to do so.

DENA J. KING
UNITED STATES ATTORNEY

_/s/ for BENJAMIN BAIN-CREED, ESQ._
Assistant United States Attorney

_/s/ KOTTO YAPHET PAUL_
Defendant

_/s/ BRIAN MENDELSOHN, ESQ._
BRIAN TEVIS, ESQ.
Attorneys for Defendant

Signed this 27th day of March, 2024.

_/s/ Robert J. Conrad_
THE HONORABLE ROBERT J. CONRAD, JR.
UNITED STATES DISTRICT JUDGE
WESTERN DISTRICT OF NORTH CAROLINA