IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:23-CR-00072

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CONSENT ORDER FOR |
| v. | ) | THIRD PARTY PETITION |
| | ) | |
| KOTTO YAPHET PAUL (1) | ) | |

THIS MATTER IS before the Court by consent of the United States of America and U.S. Bank Trust National Association[1] ("Petitioner"), through counsel, pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2. (Doc. No. 125: Motion). The Government and Petitioner have consented to this Order as a final adjudication and settlement of all matters with regard to the following property ("the Property") identified in the Consent Order and Judgment of Forfeiture (Doc. No. 111):

> **Real property at 600 Baron Road, Waxhaw, North Carolina, more particularly described in a deed to grantee Wise Management & Realty, LLC that is recorded at deed book 6946, pages 474-475, in the Union County, North Carolina Register of Deeds.**

The parties have **STIPULATED AND AGREED** and the **COURT FINDS AS FOLLOWS:**

1. On or about June 5, 2017, Greenbox Loans, Inc., through trustee North American Title, provided a loan in an original principal amount of $512,000.00 for the Property (the "Loan") secured by a Deed of Trust recorded in the Union County Register of Deeds. On or about January 11, 2021, an Assignment of Deed of Trust was executed transferring the Loan from Greenbox Loans, Inc. to Goldman Sachs Mortgage Company. On or about January 14, 2021, an Assignment

---

[1] U.S. Bank Trust National Association, not in its individual capacity, but solely as owner trustee for GS Mortgage-Backed Securities Trust 2020-NQM1.

1

of Deed of Trust was executed transferring the Loan to GS Mortgage-Backed Securities Trust 2020-NQM1, U.S. Bank Trust National Association, not in its individual capacity but solely as Delaware Trustee.[2] The Title Report for the Property reflects that Petitioner is the only current lienholder. On June 18, 2024, Petitioner filed a Petition for Hearing by U.S. Bank Trust National Association as Trustee (Doc. 117), in which Petitioner asserted an interest, by virtue of an assignment of the original loan, in the Property. The Government reviewed documentation in the Title Report provided by Petitioner and determined that Petitioner is the sole party entitled to payment on the Loan and has satisfied 21 U.S.C. § 853(n)(6).

2. By entering into this Consent Order, Petitioner agrees, upon the sale of the Property, to release and forever discharge its interest in the Property and release any deeds of trust or liens on the Property. In exchange for release of the interest, deeds of trust, and/or liens, the Government agrees, upon sale of the Property to pay an amount of "net proceeds" to Petitioner equivalent to the outstanding principal amount[3] due and owing on the Loan as of the date of sale, all unpaid interest at the base contractual rate due and owing on the loan as of the date of sale, all unpaid fees associated with the Loan that are due and owing, and all casualty insurance premiums and taxes paid by Petitioner as of the date of sale. For purposes of this Consent Order, the term, "net proceeds," shall mean any proceeds remaining after the Government has recovered the costs and expenses of maintaining and liquidating the Property. In no event shall Petitioner be entitled to payment in excess of the amounts identified herein and in no event shall Petitioner be entitled to payment in excess of the net proceeds. The Government shall not sell the property for a price that

---

[2] Newrez LLC d/b/a Shellpoint Mortgage Servicing is the loan servicer for the current mortgage assignment.
[3] As of June 17, 2024, the outstanding principal balance of the loan was $482,975.48 (not including fees and accrued interest), and the total payoff balance of the Loan as of June 17, 2024, was $548,695.07. Additional sums may be, or become, due and owing under the terms of the Loan documents, including, but not limited to, any sums that have accrued since June 17, 2024 and that will accrue following the execution of this Consent Order.

is insufficient to pay off the Loan with the net proceeds of the sale. In the event that the Government is unable to obtain a signed contract for sale sufficient to pay off the Loan on or before the day that is 200 days after any Final Order of Forfeiture in this case becomes non-appealable, in the event that a Final Order of Forfeiture is appealed, or in the event that a Final Order of Forfeiture is denied by the Court, the Government agrees that it will not object to a properly filed foreclosure action by Petitioner. Petitioner agrees that the Government will have a valid claim on any foreclosure sale net proceeds above the amount owed on the Loan and costs of the foreclosure sale.

3. This Consent Order shall be in full settlement and satisfaction of all claims by Petitioner to the Property, all claims between Petitioner and the Government arising from any loan or note, the indebtedness for which is secured by the Property, and all claims against the United States resulting from the incidents or circumstances giving rise to this case.

4. Petitioner agrees not to pursue against the United States any rights that it may have under the deed of trust on the Property, including, but not limited to, the right to initiate foreclosure except as stipulated herein. Petitioner agrees to consent to any Government motion for final order of forfeiture of the Property, subject to Petitioner's prior review and approval, which shall not be unreasonable withheld. Petitioner understands and agrees that the United States reserves the right to terminate the forfeiture action at any time. Petitioner and the Government agree to execute further documents to convey clear title to the Property to the United States and implement this Consent Order, to the extent such action is necessary.

5. By entering into this Consent Order, the Government agrees to, upon the sale of the Property and the distribution of the net proceeds to Petitioner, release and forever discharge any interest it may claim, or should have claimed, in the net proceeds and any other sums distributed

3

Case 3:23-cr-00072-RJC-SCR   Document 126   Filed 11/12/24   Page 3 of 6

to Petitioner. The Government agrees not to pursue against Petitioner any rights it may have, or may have had, to the net proceeds and any other sums distributed to Petitioner.

6. The Government and Petitioner waive any rights to further litigate between each other in this forfeiture action to the Property and agree that this Consent Order for Third Party Petition shall be in full settlement and satisfaction of all claims between Petitioner and the Government in this action to the Property and all claims between Petitioner and the Government resulting from the incidents or circumstances giving rise to the forfeiture of the Property.

7. Unless specifically directed by an order of the Court, Petitioner shall be excused and relieved from further participation in this action upon Petitioner's receipt of the net proceeds following the sale of the Property.

8. Notwithstanding anything to the contrary stated herein, the parties shall not be prohibited from enforcing the terms of this Consent Order and Judgment of Forfeiture.

IT IS THEREFORE ORDERED THAT:

1. Based upon the stipulations of the parties herein that Petitioner satisfies one or more prongs of 21 U.S.C. § 853(n)(6), Petitioner is hereby ordered to, upon closing of sale of the Property by the Government consistent with the stipulations herein, release and forever discharge any interest in, deeds of trust on, and/or liens on the Property and the Government is hereby ordered to, upon sale of the Property, disburse funds to Petitioner in the amount of the outstanding principal amount due and owing on the Loan as of the date of sale, all unpaid interest at the base contractual rate due and owing on the Loan as of the date of sale, all unpaid fees associated with the Loan that are due and owing, and all casualty insurance premiums and taxes paid by

4

Petitioner as of the date of sale. In no event shall the Government be obliged to pay Petitioner an amount in excess of the net proceeds of liquidation of the Property.

2. The Government is hereby ordered to, upon closing of sale of the Property by the Government, release and forever discharge any interest in the net proceeds distributed to Petitioner.

3. Except as provided herein, each party shall be responsible for its own costs and attorney's fees.

4. Petitioner's motion for a hearing, (Doc. No. 117), is dismissed as MOOT.

SO ORDERED.
Signed: November 12, 2024

Robert J. Conrad, Jr.
United States District Judge

ON MOTION OF AND BY CONSENT OF THE PARTIES:

**DENA J. KING
UNITED STATES ATTORNEY**

/s/Benjamin Bain-Creed                                    Dated: 11/7/24
Benjamin Bain-Creed
Assistant United States Attorney
FL Bar 21436

**PETITIONER U.S. BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE**

/s/ G. Benjamin Milam_____                            Dated: 11/07/2024
G. Benjamin Milam, Esq.
Attorney for U.S. Bank Trust National Association
NC Bar No. 45483